IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRON COLLINS, | ) |
| | ) |
| Plaintiff, | ) No.: |
| | ) |
| v. | ) |
| | ) |
| RICHARD MCCALLUM, EVAN | ) |
| KOMOSA and CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, DARRON COLLINS, by and through his attorney in this regard, GIGI GILBERT, and complaining of Defendants, RICHARD MCCALLUM, EVAN KOMOSA and CITY OF CHICAGO states as follows:

## NATURE OF THE CASE

1. This suit arises from the violation of civil rights of Plaintiff, DARRON COLLINS, for arrest without probable cause and excessive use of force in violation of Title 42 U.S.C. section 1983 and a pendent state law claim for malicious prosecution.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. section 1983. Jurisdiction is based upon 28 U.S.C. section 1331, 1332 and 1367. This court has pendent jurisdiction over the state law claim for malicious prosecution, respondeat superior and indemnification. Plaintiff demands trial by jury.

1

## VENUE

3.     The violation of civil rights alleged herein were committed within the Northern District of Illinois to wit: the City of Chicago, County of Cook, State of Illinois. This action properly lies in the United States District Court, Northern District of Illinois, Eastern Division.

## PARTIES

4.     Plaintiff, DARRON COLLINS ("COLLINS"), is a resident of the City of Dolton, County of Cook, State of Illinois.

5.     Defendants, RICHARD MCCALLUM ("MCCALLUM") and EVAN KOMOSA ("KOMOSA") were at all times relevant hereto, employed as police officers by the Chicago Police Department and acting under color of state law. The CITY OF CHICAGO is a municipal corporation.

## COUNT I –FALSE ARREST

6.     Plaintiff, COLLINS, is a 31 year old social worker who works for a social service agency which is a vendor for Chicago Public Schools.

7.     On or about August 28, 2010 Plaintiff, COLLINS, was driving southbound in the vicinity of 7620 S. Indiana, Chicago, Illinois when his vehicle was stopped without probable cause by Defendants MCCALLUM and KOMOSA. COLLINS was arrested without probable cause by Defendants MCCALLUM and KOMOSA.

8.     The conduct of Plaintiff, COLLINS, prior to his arrest could not be reasonably interpreted by the Defendants MCCALLUM and KOMOSA as constituting

probable cause that COLLINS had committed, was committing, or was about to commit a crime.

9. The facts and circumstances within Defendants MCCALLUM and KOMOSA'S knowledge would not lead reasonable police officers to believe that COLLINS had committed, was committing or was about to commit a crime.

10. Defendants MCCALLUM and KOMOSA were acting under color of state law as members of the Chicago Police Department at all relevant times herein.

11. Defendants MCCALLUM and KOMOSA intentionally violated COLLINS' federally protected constitutional right not to be arrested or seized without probable cause in violation of the Fourth Amendment to the Constitution of the United States.

12. Defendants MCCALLUM and KOMOSA'S acts were done with malice and/or reckless indifference to COLLINS' federally protected rights.

13. As a direct and proximate result of Defendants MCCALLUM and KOMOSA'S actions, COLLINS, suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

14. As a direct and proximate result of Defendants MCCALLUM and KOMOSA'S actions COLLINS was deprived of rights, privileges and immunities under the Fourth Amendment to the United States Constitution and the laws of the State of Illinois.

WHEREFORE, Plaintiff, DARRON COLLINS, prays that this Honorable Court enter a judgment in his favor and against Defendants RICHARD MCCALLUM and EVAN KOMOSA for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Punitive damages in the amount to be determined at trial;

(c) Reasonable attorneys fees and costs; and

(d) Such other and further relief as this court deems reasonable.

## COUNT II - EXCESSIVE USE OF FORCE

15. COLLINS alleges the allegations contained in paragraphs 1-14 above as if fully set forth as paragraphs 1-14 herein.

16. Under the totality of circumstances at the time of arrest, and while COLLINS was in custody, Defendants MCCALLUM and KOMOSA used greater force than was reasonably necessary against COLLINS.

17. Defendant, MCCALLUM struck COLLINS with his expandable baton multiple times causing him to be transported to Little Company of Mary Hospital and Defendant KOMOSA threaten to use mace against COLLINS among other acts of excessive use of force.

18. While Defendant MCCALLUM used excessive force against COLLINS Defendant KOMOSA knew that MCCALLUM was about to use excessive force against Plaintiff.

19. Defendant KOMOSA had a realistic opportunity to do something to prevent the harm from the excessive use of force from occurring.

20. Defendant KOMOSA failed to take reasonable steps to prevent harm from the excessive use of force from occurring.

21. Defendant KOMOSA'S failure to act caused COLLINS to suffer harm.

22. Defendant, KOMOSA stood by and witnessed MCCALLUM'S misconduct, failed to take any steps to stop his misconduct and never reported the misconduct to his superiors in the Chicago Police Department.

23. As a direct and proximate result of Defendants MCCALLUM and KOMOSA'S actions, COLLINS suffers and continues to suffer physical pain requiring medical care, and suffered physical and emotional pain and mental anguish some or all of which may be permanent.

24. Defendants MCCALLUM and KOMOSA acted under color of state law, and intentionally used excessive force and/or unreasonable force in effecting COLLINS' arrest, in violation of his Fourth Amendment rights under the United States Constitution to be free from excessive force in violation of 42 U.S.C. section 1983.

25. Defendants MCCALLUM and KOMOSA'S use of excessive force and/or unreasonable force in effecting COLLINS' arrest was done with malice and/or reckless indifference to COLLINS' federally protected rights.

WHEREFORE, Plaintiff, DARRON COLLINS, prays that this Honorable Court enter a judgment in his favor and against Defendants RICHARD MCCALLUM and EVAN KOMOSA for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Punitive damages in the amount to be determined at trial;

(c) Reasonable attorneys fees and costs; and

(d) Such other and further relief as this court deems reasonable.

## COUNT III - STATE MALICIOUS PROSECUTION

26. COLLINS' alleges the allegations contained in paragraphs 1-25 above as if fully set forth as paragraphs 1-25 herein.

27. Defendants MCCALLUM and KOMOSA commenced criminal proceedings against COLLINS by charging him in the Circuit Court of Cook County with Improper Lane Change Without Signal, Resisting/Obstructing a Peace Officer, Battery and two counts of Aggravated Assault.

28. On April 6, 2011 after a bench trial the charges against COLLINS were terminated in his favor.

29. Defendants MCCALLUM and KOMOSA did not have probable cause to commence criminal proceedings against COLLINS.

30. Defendants MCCALLUM and KOMOSA acted with malice and/or reckless indifference when the Defendants initiated criminal proceedings against COLLINS.

31. As a direct and proximate result of Defendants' actions, COLLINS, suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, DARRON COLLINS, prays that this Honorable Court enter a judgment in his favor and against Defendants, RICHARD MCCALLUM and EVAN KOMOSA for the following relief:

(a)  Compensatory damages in an amount to be determined at trial;

(b)  Punitive damages in the amount to be determined at trial;

(c)  Reasonable attorneys fees and costs; and

(d)  Such other and further relief as this court deems reasonable.

## COUNT IV - STATE LAW RESPONDEAT SUPERIOR

32. COLLINS alleges the allegations contained in paragraphs 1-31 above as if fully set forth as paragraphs 1-31 herein.

33. In committing the acts alleged in the preceding paragraphs, the Defendants MCCALLUM and KOMOSA were members and agents of the Chicago Police Department an agent of the CITY OF CHICAGO and acting at all relevant times within the scope of their employment.

34. Defendant, CITY OF CHICAGO, is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff, DARRON COLLINS, prays that this Honorable Court enter a judgment in his favor and against Defendant, CITY OF CHICAGO for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Reasonable attorneys fees and costs; and

(c) Such other and further relief as this court deems reasonable.

## COUNT V - STATE LAW INDEMNIFICATION

35. COLLINS alleges the allegations contained in paragraphs 1-34 above as if fully set forth as paragraphs 1-34 herein.

36. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

37. Defendants, MCCALLUM and KOMOSA were employees of the Chicago Police Department an agent of the CITY OF CHICAGO, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, DARRON COLLINS, prays that this Honorable Court enter a judgment in his favor and against Defendant, CITY OF CHICAGO for the following relief:

(a)     Compensatory damages in an amount to be determined at trial;

(b)     Reasonable attorneys fees and costs; and

(c)     Such other and further relief as this court deems reasonable.

Respectively Submitted,


By://s// Gigi Gilbert_____

Gigi Gilbert
Attorney for Plaintiff
53 W. Jackson, Suite #356
Chicago, IL 60604
(312) 554-0000
#6199394